EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 10-239-GWU

MARY COUCH O/B/O
W.B.,                                                                              PLAINTIFF

VS.                                    **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY                         DEFENDANT

## INTRODUCTION

Mary Couch brought this action on behalf of her son, W.B., to obtain judicial

review of an unfavorable administrative decision on his application for Child's

Supplemental Security Income (SSI).   The case is before the court on cross-

motions for summary judgment.

## LAW APPLICABLE TO CHILD'S SSI BENEFITS

As of 1996 <u>strict</u> standards for child's SSI claims were adopted.  The Welfare

Reform Act, P.L. No. 104-193, 110 Stat. 2105, provides that:

> An individual under the age of eighteen (18) shall be considered
> disabled for the purposes of this title if that individual has a medically
> determinable physical or mental impairment which results in marked
> and severe functional limitations, and which can be expected to result
> in death, or which has lasted, or can be expected to last for a
> continuous period of not less than 12 months.

1

Thus, a child's SSI claim can be granted now only if there is a "marked and severe functional limitation(s)." The impairment must meet, medically equal, or functionally equal in severity one of the Listing of Impairments (LOI) found at 20 C.F.R. Part 404, Subpart P, Appendix 2. 20 C.F.R. § 416.924.

The implementing regulations require the agency to determine if the child's impairment(s) meet any LOI sections found at 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 416.924. If this step is not satisfied, the fact finder is required to consider limitation of specific functioning, broad areas of development or functioning, episodic impairments, and limitations related to medication effects to determine "functional equivalence" to the LOI. Section 416.926a. Functional equivalence is established if the child has one area of extreme functional limitations (i.e., very serious interference with functioning) or two areas of marked limitation (i.e., serious interference with functioning). Id.

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that W.B., a minor child under the age of three, suffered from congenital nephrotic syndrome (a kidney disease affecting renal function) (Tr. 12). Despite the child's impairments, the ALJ determined that he did not meet, medically equal or functionally equal the requirements of any of the Listing of Impairments sections. (Tr. 12-13). Therefore, the claimant could not be considered totally disabled. (Tr. 20).

2

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence.  Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.

Couch argues that her son meets the requirements of Section 106.06 of the Listing of Impairments concerning nephrotic syndrome.[1]  This Listing requires a claimant to show:

> Nephrotic syndrome with anasarca, persisting for at least 3 months despite prescribed therapy.  With:
>
> A. Serum albumin of 2.0 g/dL (100 ml) or less.  Or
>
> B. Proteinuria of 40 mg/m2/hr or greater.

20 C.F.R. Part 404, Subpart P, Appendix 1, § 106.06.  The regulations further provide that:

> The longitudinal clinical record should include a description of prescribed therapy, response to therapy, and any side effects of therapy.  In order for your nephrotic syndrome to meet 106.06A or B, the medical evidence must document that you have the appropriate laboratory findings required by these listings and that your anasarca has persisted for at least 3 months despite prescribed therapy.

20 C.F.R. Part 404, Subpart P, Appendix 1, § 106.00E(3).  Anasarca is defined in the regulations as "generalized massive edema (swelling)."  20 C.F.R. Part 404, Subpart P, Appendix 1, § 106.00B(1).

---

[1]The plaintiff actually cites Section 6.06 of the Listing of Impairments but this section concerns adults.

In the present action, Couch's son was diagnosed with congenital nephrotic

syndrome at the University of Kentucky Chandler Medical Center in February of

2007. (Tr. 267). The plaintiff argues that her son's condition meets the

requirements of Section A,[2] noting his albumin levels were .9 g/dl on January 19,

2007 (Tr. 232), 1.0 g/dl on February 26, 2007 (Tr. 235), 1.6 g/dl on March 12, 2007

(Tr. 303), 1.8 g/dl on April 3, 2007 (Tr. 329), 2.0 g/dl on April 10, 1007 (Tr. 325) and

1.8 g/dl on April 17, 2007 (Tr. 324). Couch asserts that these testing results are

sufficient to meet the listing requirements. However, to meet the listing, the

claimant is also required to show anasarca which has persisted for three months.

This the plaintiff has not done. Treatment records from the University of Kentucky

Chandler Medical Center revealed a report of "mild" pulmonary edema on February

12, 2007. (Tr. 241). However, the medical record indicates that edema or

excessive swelling was specifically not found on February 27, 2007 (Tr. 267),

March 5, 2007 (Tr. 265), March 12, 2007 (Tr. 263), March 19, 2007 (Tr. 262),

March 26, 2007 (Tr. 260), April 9, 2007 (Tr. 259), May 14, 2007 (Tr. 254), April 11,

2008 (Tr. 488), October 22, 2008 (Tr. 481), October 31, 2008 (Tr. 476), December

1, 2008 (Tr. 477) and July 23, 2009 (Tr. 525). Thus, the listing section requirement

---

[2]The plaintiff does not present any arguments that her son's condition met the
requirements of Section106.06B. However, the claimant would also be required to
show anasarca persisting for three months and, so, any argument would fail for the
same reasons as those for Section 106.06A.

is not satisfied.  Dr. John Cocoris (Tr. 341) and Dr. Dennis Penn (Tr. 467) each reviewed the record and specifically opined that the boy's condition did not meet or "medically" equal a listing section.  These opinions were not contradicted in the record by those of a treating or examining medical source.  Therefore, the court must reject the plaintiff's argument.

Dr. Cocoris (Tr. 341) and Dr. Penn (Tr. 467) each also indicated that Couch's son did not "functionally" equal a listing section. In order to "functionally equal" the requirements of a Listing, a claimant must prove that he has a "marked" limitation of ability in two of six broad areas of functioning known as "domains" or an "extreme" limitation of ability in one domain.  20 C.F.R. § 416.926a(d).  A "marked" limitation is defined as an impairment which "seriously interferes with your ability to independently initiate, sustain, or complete tasks." 20 C.F.R. § 416.926a(e)(2).  An "extreme" limitation is defined as an impairment which interferes "very seriously with your ability to independently initiate, sustain, or complete activities."  20 C.F.R. § 416.926a(e)(3).   The six domains are (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for yourself, and (6) health and physical well being.  20 C.F.R. § 926a(b)(1).  Each reviewer found that the boy would have a "less than marked" restriction in the domain of  health and well being.  (Tr. 344, 470).  Penn also found that the child would have a "less than marked restriction in

caring for himself. (Tr. 470). The ALJ considered this question and found no limitation in any domain. (Tr. 16-20). The plaintiff has not challenged this finding.

The undersigned concludes that the administrative decision should be affirmed. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 22nd day of June, 2011.

**Signed By:**

**_G. Wix Unthank_**

**United States Senior Judge**